CV 12 - 3414

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X Case No.

ROSEMARY RADICCHI, on behalf of herself
individually and all others similarly situated

                              Plaintiff,

   -against-

PENTAGROUP FINANCIAL, LLC.
                              Defendant.
------------------------------------------------------------X

MAUSKOPF, J.

GOLD, M.J.

**CLASS ACTION**
**COMPLAINT**

Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices. This action is also brought pursuant to New York General Business Law ("NYGBL") §349 regarding defendant's deceptive acts and practices.

## PARTIES

2. Plaintiff is a natural person who resides in this District and is a consumer as defined by the FDCPA, §1692a(3).

—1—

3. That defendant is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6). Upon information and belief, defendant is a foreign limited liability company incorporated in Texas.

## JURISDICTION AND VENUE

4. This Court has jurisdiction and venue pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. §1331 and supplemental jurisdiction exists over the NYGBL §349 claims pursuant to 28 U.S.C. §1367.

## FACTUAL ALLEGATIONS

5. That plaintiff re-alleges paragraphs 1-4 as if fully re-stated herein.

6. That plaintiff is alleged to owe a debt incurred for personal purposes to AnnTaylor/World Financial Network National Bank.

7. That at some subsequent point in time the debt is alleged to have gone into default.

8. That by letter dated April 19, 2012, defendant wrote to plaintiff in an attempt to collect the debt. That a copy of the letter is attached as Exhibit 1.

9. That said letter states, in pertinent part:

"Current Client: Asset Acceptance LLC
Current Client Account #:11-2947178
Original Creditor: ANN TAYLOR/WORLD FINANC"

10. That the letter goes on to state: "Please be advised that the above referenced creditor has purchased your account."

11. That said letter was defendant's initial written communication with plaintiff.

—2—

12. That plaintiff did not receive another letter from defendant within five days after her receipt of the said April 19, 2012 letter.

## AS AND FOR A FIRST CAUSE OF ACTION

13. That plaintiff re-alleges paragraphs 1-12 as if fully re-stated herein.

14. That the FDCPA, §1692g(a)(2) requires that the defendant discloses, as a part of the validation notice, the name of the creditor to whom the debt is owed.

15. That defendant has failed to disclose in its April 19, 2012 letter the name of the creditor to whom the debt is owed.

16. That defendant refers in the letter to its "Current Client: ASSET ACCEPTANCE, LLC" and states that "the above referenced creditor has purchased your account".

17. That, however, the only creditor referenced in the letter is the original creditor, "Ann Taylor/World Financ."

18. That Asset Acceptance is stated in the letter to be a client, not a creditor.

19. That nowhere in the letter does defendant state who the creditor is to whom the debt is owed.

20. That neither plaintiff nor the least sophisticated consumer would know from reading the letter the identity of the creditor of the debt.

21. That defendant's letter is therefore in violation of the FDCPA, §1692g(a)(2).

—3—

22. That defendant's failure to include identity of the creditor constitutes a misleading representation or deceptive means used to collect or attempt to collect a debt, in violation of the FDCPA, including but not limited to §§1692e and 1692e(10).

## AS AND FOR A SECOND CAUSE OF ACTION

### NYGBL §349

23. That plaintiff re-alleges paragraphs 1 to 22 as if fully re-stated herein.

24. That each of the deceptive and misleading acts and practices above-mentioned was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL §349.

25. That defendant's deceptive and misleading acts and practices were consumer-oriented, in that defendant is a collector of consumer debts incurred principally or wholly by natural persons. On information and belief, defendant contacts thousands of consumers within New York State each year by mail.

26. That defendant's letter dated April 19, 2012 to plaintiff is typical of the letters defendant mails to consumers within New York.

27. That, further, defendant has a pattern of mailing collection letters to thousands of consumers within New York State each year which fail to disclose the name of the creditor to whom the debt is owed.

28. That plaintiff is a reasonable consumer within the meaning of the NYGBL.

29. That plaintiff suffered confusion and bewilderment upon receiving the collection letter from defendant

30. That defendant violated NYGBL §349(a) and is liable to plaintiff under NYGBL §349(h).

## CLASS ALLEGATIONS

31. That plaintiff re-alleges paragraphs 1-30 as if fully re-stated herein.

32. That this action is brought on behalf of plaintiff and the members of a class. The class consists of all persons who defendant's records reflect were sent debt collection letters within the United States within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection letter (a) in substantially the same form as the letter sent to plaintiff dated April 19, 2012; (b) the collection letter was a validation notice sent to a consumer seeking payment of a consumer debt; (c) the collection letter was not returned by the postal service as undelivered; and (d) the letter contained violations of 15 U.S.C. §§1692g(a)(2), 1692e and 1692e(10). The class does not include defendant or persons who are officers, directors, employees or associates of defendant.

33. The class shall be defined as follows:

*All natural persons residing in the United States to whom defendant sent a validation notice concerning a consumer debt, which validation notice fails to identify the creditor to whom the debt is owed.*

34. That pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received similar debt collection letters from defendant which violate the various provisions of the FDCPA.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether defendant violated the FDCPA by failing to include the identity of the creditor to whom the debt is owed in its validation notice, in violation of the FDCPA, §§1692g(a)(2), 1692e and 1692e(10).

(C) The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of the class.

35. That a class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

36. That if the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

37. That communications from debt collectors, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

38. That as a result of the above violations, defendant is liable to plaintiff and the members of the class for damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a) certifying a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(b) enjoining defendant from further improper contact with plaintiff pursuant to NYGBL §349.

(c) statutory damages pursuant to 15 U.S.C. §1692k in an amount to be determined at the time of trial;

(d) statutory damages pursuant to NYGBL §349 in an amount to be determined at time of trial;

(e) awarding class members the maximum statutory damages pursuant to 15 U.S.C. §1692k;

(f) reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. §1692k and NYGBL §349(h); and

(g) for such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
      July 10, 2012.

                                */s/ Novlette R. Kidd*
                                NOVLETTE R. KIDD, ESQ. (NK 9339)
                                FAGENSON & PUGLISI
                                Attorneys for Plaintiff
                                450 Seventh Avenue, Suite 704
                                New York, New York 10123
                                Telephone: (212)268-2128
                                Nkidd@fagensonpuglisi.com

Case 1:12-cv-03414-RRM-VMS   Document 1   Filed 07/10/12   Page 10 of 11 PageID #: 10

# EXHIBIT 1

Return Mail Only
**35A RUST LANE**
**BOERNE, TX 78006-8202**

PARCS#: 15811417

04/19/2012

INSET-AA
*A-02-P20-AM-13731-63

ROSEMARY N RADICCHI

**Pentagroup Financial, LLC**

Toll Free: 866 213 3753
Houston Local: 832 615 2336

Current Client: ASSET ACCEPTANCE LLC
Current Client Account #: 11-2947178
Original Creditor: ANN TAYLOR / WORLD FINANC
Original Account Number:
Current Balance: $

To pay online, go to www.pentagroup.us.

Login: 15811417
Password: 7178
Mail Payments Only:

PENTAGROUP FINANCIAL, LLC
PO BOX 742209
HOUSTON TX 77274-2209

*IMPORTANT: To receive proper credit be sure to enclose this portion with your payment in full*

Dear: ROSEMARY N RADICCHI

Please be advised that the above referenced creditor has purchased your account.

Our client has authorized us to offer you a settlement opportunity on the above referenced account. Upon clearance through the banking system of the settlement amount indicated below your account will be considered settled. Payment of the total settlement amount must be received in our office no later than the close of business thirty five (35) days from the date you receive this letter. If payment is not received in the indicated amount and within the time frame indicated, this offer will expire at that time.

This offer represents a substantial saving over the actual amount owed on this account and is an opportunity for you to take care of this obligation at a greatly reduced cost.

Amount you actually owe: $
Settlement amount: $

If you have any questions or wish to discuss your account with one of our courteous and friendly representatives, please call us at the toll free number listed above.

Federal law prohibits certain methods of debt collection, and requires that we treat you fairly. You can stop us from contacting you by writing a letter to us that tells us to stop the contact or that you refuse to pay the debt. Sending such a letter does not make the debt go away if you owe it. Once we receive your letter, we may not contact you again, except to let you know that there won't be any more contact or that we intend to take a specific action.

If you have a complaint about the way we are collecting this debt, please write to us at 5959 Corporate Drive STE 1400 Houston, TX 77036, email us at Compliance@Pentagroup.us, or call us toll-free at 1-866-817-1253 between 9:00 A.M. and 5:00 P.M. CST, Monday - Friday. The Federal Trade Commission enforces the Fair Debt Collection Practices Act (FDCPA). If you have a complaint about the way we are collecting your debt, please contact the FTC online at www.ftc.gov; by phone at 1-877-FTC-HELP; or by mail at 600 Pennsylvania Ave., N.W., Washington, D.C. 20580.

Asset Acceptance LLC may report information about your account to credit bureaus. Correspondence concerning inaccuracies and disputes relating to your credit report should be sent to: Asset Acceptance, LLC, P.O. Box 1630 Warren, MI 48090-1630.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original credit grantor, if different from the current credit grantor.

This is an attempt to collect a debt and any information obtained will be used for that purpose. Our New York City Department of Consumer Affairs Permit Number is 1253819.  You may reach us toll free by calling (800) 971-2962 and requesting to speak to Cheryl Dewey. The originating creditor and the amount of the debt are provided elsewhere in this letter.

If you believe you have been treated in an unprofessional manner, please email your concerns including your contact information, employee name and your account number to: compliance@pentagroup.us.

Should you have a question, a comment, or wish to make a payment, please call us at 866-817-1253 between the hours of 10am and 4pm CST, Mon.-Thurs. to speak with one of our consumer support specialists.

**Pentagroup Financial, LLC - 5959 Corporate Drive, Suite 1400, Houston, Texas 77036.**

Redline Recovery Services, LLC is a wholly owned subsidiary of Pentagroup Financial, LLC.